956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard G. FORD, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 91-55539.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 6, 1992.
 
 1
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Howard Ford appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm.
 
 DISCUSSION
 
 4
 Ford contends that he received ineffective assistance of counsel because his state appellate counsel failed to challenge the constitutionality of Officer Beck's search of Ford's car and the seizure of Ford's check cashing card from the car. The only use made of the seized card was to identify Ford. Ford had participated in the crap game at three separate times on the day of the murder, however. There is no likelihood that suppression of the card would have prevented identification of Ford. Ford accordingly did not suffer any prejudice as a result of his appellate counsel's failure to challenge the constitutionality of the search and seizure. Strickland v. Washington, 466 U.S. 668, 691-92 (1984) (counsel's error must be prejudicial); Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989) (extending Strickland to appeals).
 
 
 5
 Ford also contends that he did not waive his right to a jury trial on the question of "special circumstances." This contention is meritless. Ford received a jury trial on the question of special circumstances. The jury was instructed by the district court to consider whether special circumstances existed, and the jury issued specific factual findings regarding the existence of special circumstances.
 
 
 6
 Finally, Ford contends that there was insufficient evidence to support the finding of special circumstances. The district court found overwhelming evidence supporting the following factual conclusions. Ford returned three times to the room where craps was being played and on the third visit drew a pistol and demanded that those present throw their money on the floor. Ford then ordered Robert Wallace to pick up the money and place it in a bag, while he ordered the others into the kitchen. While Wallace was filling the bag, Ford shot him in the neck and killed him. We agree with the district court that this evidence was sufficient to support a finding of special circumstances. See Cal.Penal Code § 190.2(a)(17)(i) (special circumstances exist when a murder is committed during the commission of a robbery).
 
 
 7
 In sum, the district court did not err by denying Ford's petition for habeas corpus.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3